UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANKE ET AL.                                    CIVIL ACTION

VERSUS                                          NO: 11-1443

BABCOCK COMPANY, INC., ET                       SECTION: "J" (4)
AL.

**ORDER AND REASONS**

Before the Court are Plaintiffs' Motion to Remand (Rec. Doc. 11) and Defendant Bauer Corporation's Opposition (Rec. Doc. 18), on supporting memoranda without oral argument.  Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiffs' Motion to Remand (Rec. Doc. 11) should be GRANTED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This suit arises from an alleged personal injury suffered by Plaintiff Sally Janke, a Louisiana domiciliary.  Mrs. Janke went to a store owned by Harry's Hardware, Inc. ("Harry's"), a Louisiana corporation, on May 31, 2010, where she purchased a wooden step ladder.  When she first attempted to use the ladder,

1

one of the legs split, causing her to fall and injure herself.
On May 13, 2011, Plaintiffs filed suit against the manufacturer
of the ladder, Babcock Company ("Babcock"), alleging a cause of
action in products liability.  Plaintiffs also filed suit against
Harry's as the vendor in redhibition.  On June 17, 2011, Bauer
Corporation ("Bauer"), a citizen of Ohio and the apparent
successor-in-interest to Babcock, removed the matter to federal
court based upon grounds of alleged diversity of citizenship,
pursuant to Title 28 U.S.C. § 1332.

## THE PARTIES' ARGUMENTS

Plaintiffs argue that because this case does not invoke
federal jurisdiction, it should be remanded to state court.  In
support of this argument, Plaintiffs assert that complete
diversity is absent because the Plaintiffs are citizens of
Louisiana and Harry's is also a citizen of Louisiana.
Anticipating Defendant Bauer's argument that Harry's was
fraudulently joined to defeat diversity jurisdiction, Plaintiffs
argue that Harry's, as the vendor of the ladder that caused the
alleged injury, can be properly sued in redhibition under state
law.

In further support of their argument that diversity
jurisdiction does not exist, Plaintiffs assert that the claimed

monetary damages in this case do not meet the jurisdictional amount required—namely, the claimed damages are not in excess of $75,000.  With regard to monetary damages, Plaintiffs refer to Louisiana Code of Civil Procedure article 893(A)(1), which provides that specific amounts of monetary damages are not to be included in allegations or prayers for relief in the demand. Additionally, Plaintiffs claim that their medical damages do not exceed $5,000 and that there are no lost wages.  Therefore, they argue that the amount-in-controversy requirement is not fulfilled.

Defendant Bauer argues that in Harry's absence as a party to this case, there is complete diversity, thereby creating federal jurisdiction.  It contends that Harry's was fraudulently joined as a party for the purpose of defeating diversity jurisdiction. In support of its fraudulent joinder argument, Bauer asserts that the test for whether a party has been fraudulently joined to a case is whether there is a reasonable basis for the district court to conclude that the plaintiff has a chance of recovery in state court.  Bauer urges that Plaintiffs do not stand a chance of recovery in state court because they only vaguely allege that Harry's sold a ladder with a hidden defect, without stating what the defect was.  Plaintiffs' redhibition claim against Harry's

3

must fail because the conclusory allegation of a "hidden defect" is insufficient and because Harry's produces an affidavit of its office manager stating that Harry's had no knowledge of any hidden defect in the ladder.  Bauer also argues that Plaintiffs have no products liability claim against Harry's.  As such, Bauer asserts that Plaintiffs cannot establish a cause of action against Harry's.

Bauer's second argument is that the amount-in-controversy requirement has been met.  Although Louisiana law prohibits a plaintiff from specifying an amount of damages in a petition for relief, the Louisiana Code of Civil Procedure provides an exception to this rule when the amount in controversy is necessary to establish that a federal court lacks jurisdiction. Bauer further supports its argument by relying on Louisiana Code of Civil Procedure article 1467(A), which provides that a matter is deemed admitted if the plaintiff fails to respond to a request for admission.  Bauer argues that because Plaintiffs did not respond to a single request for admission that the claim exceeds $75,000, Plaintiffs are deemed to have admitted that their claim exceeds this amount.  Bauer also argues that the amount of attorney's fees claimed by the Plaintiffs should be included in the amount in controversy.

**DISCUSSION**

**A. Legal Standard**

    Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. <u>See</u> 28 U.S.C. § 1441(a).  Original diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal. <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is sufficient. <u>De Aguilar</u>, 47 F.3d at 1412.  Alternatively, a defendant can rely on summary judgment- type evidence of facts in controversy that establish the jurisdictional amount. <u>Id.</u>  After a defendant has met its burden, the plaintiff, to obtain a remand, must prove to a legal certainty that its recovery will not exceed the jurisdictional amount. <u>Id.</u>  A defendant must do more than point to a state law that might allow the plaintiff to

recover more than it pled.  Id.  The removal statute should be strictly construed in favor of remand.  Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

There are two ways to establish improper joinder:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.  Id.  A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder.  Id.  A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Id.  Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  Id. at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder.  Id. at 574.  In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor.  Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).

## B.   Absence of Diversity Jurisdiction

To prevent a remand, Defendant Bauer must prove that the joinder of Harry's to this lawsuit was improper, such that in Harry's absence, complete diversity would exist.  Such complete diversity is mandated by the rule of Strawbridge v. Curtiss, 7 U.S. 267 (1806).  Thus the Court inquires whether Plaintiffs can establish a cause of action against Harry's, the non-diverse party, in state court under Louisiana law.  The Louisiana Civil Code provides a cause of action in redhibition, which permits a buyer to sue the seller of a "redhibitory" thing, thus obtaining "the avoidance of a sale because of some vice or defect in the thing sold."  Ins. Storage Pool, Inc. v. Parish Nat. Bank, 732 So. 2d 815, 819 (La. App. 1st Cir. 1999).  The seller is required to return the purchase price, and the buyer must return the thing purchased.  Id.  If return of the thing is impossible, the buyer

may simply sue for a reduction of the purchase price.  <u>Id.</u>[1]

Plaintiffs' petition alleges that Harry's "sold a thing that contained a hidden defect" that "rendered the ladder totally useless," and that "the hidden defect existed at the time of the sale."  Rec. Doc. 2-2, at 2.  The petition then invokes Civil Code article 2520, seeking a return of the purchase price of the ladder, as well as attorney's fees under article 2545.  <u>Id.</u>  Thus Plaintiffs have pleaded facts that, taken as true for the purpose of a Rule 12(b)(6)-type inquiry, establish a cause of action in redhibition.  Where Plaintiffs allege the breaking of a ladder upon its first use, they  certainly allege a defect that rendered the ladder totally useless, such that Plaintiffs would not have purchased it had they known of the defect.  As permitted by state

---

[1] The Civil Code provides:

The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.

A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.

A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

LA. CIV. CODE art. 2520 (2010).

8

law, Plaintiffs seek a recission of the sale, including a return
of the purchase price.  Bauer's argument notwithstanding,
Plaintiffs need not describe the allegedly redhibitory defect in
the ladder with any more specificity in order to state a claim.

Plaintiffs allege that Defendants were aware of the hidden
defect and failed to declare its quality.  Civil Code article
2545 governs the liability of a seller who was aware of the
defect but omitted to declare it to the buyer.  The article
provides that such a seller is liable to the buyer not only for
the return of the price, but also interest, reasonable expenses
occasioned by the sale, expenses incurred for the preservation of
the thing, damages, and reasonable attorney's fees.  LA. CIV. CODE
art. 2545 (2010).  Therefore, Plaintiffs seek attorney's fees
from Harry's.  However, Bauer argues that Plaintiffs are clearly
not entitled to attorney's fees because of the affidavit of
Harry's office manager stating that Harry's had no knowledge of
the defect in the ladder.

The Court finds that Harry's, as seller of the ladder, was
not improperly joined because a state court could reasonably
determine that Harry's is liable to Plaintiffs.  The mere fact
that Harry's might not have known of the defect, and thus might
not be liable for attorney's fees, does not mean that it would

9

not face liability in redhibition.  The Civil Code provides:

> A seller who did not know that the thing he sold had a
> defect is only bound to repair, remedy, or correct the
> defect. If he is unable or fails so to do, he is then
> bound to return the price to the buyer with interest
> from the time it was paid, and to reimburse him for the
> reasonable expenses occasioned by the sale, as well as
> those incurred for the preservation of the thing, less
> the credit to which the seller is entitled if the use
> made of the thing, or the fruits it has yielded, were
> of some value to the buyer.

LA. CIV. CODE art. 2531 (2010).  Although the degree of liability
that Harry's faces may be minimal, Bauer points to no case
indicating that the plaintiff, to obtain a remand, must stand a
chance of *substantial* recovery.  Rather, the scope of the inquiry
is whether the defendant faces liability to the plaintiff and the
plaintiff stands a reasonable chance of recovery.  See  Thomas v.
Wal-Mart Louisiana, LLC, Civil Action No. 11-367, 2011 WL
3418322, at *1 (W.D. La. Aug. 3, 2011) ("The defendant bears the
burden of establishing improper joinder.  To carry its burden, a
defendant must put forward evidence that would *negate a
possibility of liability* on the part of the allegedly improperly
joined defendants in state court.") (internal citations and
quotations omitted) (emphasis added).  Here, there is no improper
joinder because based on Plaintiffs' allegations, they are
legally entitled to recission of the sale of the ladder.  Because
joinder is proper in this case, and therefore there is an absence

of complete diversity as required by <u>Strawbridge</u>, it is unnecessary to determine whether the amount in controversy requirement has been met.  The Court holds that it has no subject matter jurisdiction and the case must be remanded to state court.

   For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. 11) be **GRANTED**, and that the case be **REMANDED** to the Civil District Court for the Parish of Orleans.

   New Orleans, Louisiana this 13th day of October, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE